O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DASHAUN ANDRE LEON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent.<br>_____ | Case No.  CR 07-764-CAS<br><br>**ORDER DENYING MOTION TO ALTER CALCULATION OF JAIL CREDITS TOWARDS SENTENCE ENTERED ON JUNE 2, 2008 (DOCKET # 45)** |

## I. INTRODUCTION & BACKGROUND

On July 5, 2007, defendant Dashaun Andre Leon, who was serving a sentence for a parole violation in a California state prison, was removed from state custody by the United States Marshal Service ("USMS") pursuant to a writ of habeas corpus ad prosequendum. Opp'n, Ex. 3 at 1. On February 16, 2008, defendant was paroled by the State of California while still in USMS custody. Id. Ex. 4 at 2. On June 2, 2008, this Court sentenced defendant to a 180-month prison term with five years supervised release, for violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1) and (b)(1)(A).

Id., Ex. 2. The Federal Bureau of Prisons ("BOP") calculated his federal sentence to begin on June 2, 2008, the day his sentence was imposed. Id. at 4. Defendant was given 106 days of prior custody credit toward his federal sentence, from February 17, 2008, to June 1, 2008. Id. The BOP did not give defendant credit for time served prior to February 17, 2008, because that time was credited towards his state sentence. Id.

On August 29, 2008, defendant filed the instant petition for a writ of habeas corpus[1] requesting prior custody credit towards his federal sentence for time served from July 5, 2007, to June 1, 2008. On October 10, 2008, the government filed its opposition. On October 30, 2008, defendant filed his reply. The Court finds and concludes as follows.

## II.    DISCUSSION

### A.    Exhaustion of Administrative Remedies

Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (affirming district court's dismissal of plaintiff's claim for failure to exhaust his administrative remedies with the BOP). The BOP has established a four-tier review process by which a federal prisoner may seek review of any aspect of confinement. 28 C.F.R. § 542.10. First, the prisoner shall attempt to informally resolve the issue before submitting a request for administrative remedy. 28 C.F.R. § 542.13. If the inmate's issue cannot be resolved informally, the inmate shall pursue the request by submitting an administrative remedy request to the local warden. 28 C.F.R. § 542.14. If the inmate is not satisfied with the warden's response, the inmate may submit an appeal directly to the appropriate regional director within twenty calendar days from the date that the warden signed the response.

---

[1] Defendant filed a "letter motion," but because he challenges his duration of confinement, his motion will be treated as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

Id. Lastly, an inmate who is not satisfied with the regional director's response may submit an appeal on the appropriate form to the general counsel within thirty calendar days of the date of the regional director's response. Id. Exhaustion of administrative remedies at each of the four levels of the process is a prerequisite to filing for habeas corpus relief in parole matters. Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

Defendant challenges his duration of confinement, arguing that he has not received proper credit for time served on his federal sentence. Pet. at 1. Defendant requests that the Court give him sentence credit for the time he spent in government custody awaiting federal sentence proceedings from July 5, 2007 to June 1, 2008. Id. at 1-2.

The government argues that BOP records show that defendant has failed to exhaust his administrative remedies. Opp'n at 6. The government argues that the Court should therefore deny his petition without prejudice and require him to exhaust his administrative remedies with the BOP before re-filing his claim as a writ of habeas corpus. Id.

The Court concludes that defendant has failed to exhaust his administrative remedies. The BOP records show that defendant has not filed a single request for an administrative remedy at any level of the process or at any time during his incarceration. Id., Ex. 6. The Court cannot grant habeas corpus relief to defendant because he has failed to exhaust the administrative remedies available to him. Ruviwat, 701 F.2d at 845.

**B.     Sentence Credit**

The computation of a federal sentence requires consideration of two issues. First, the Court must determine the commencement date of the federal sentence. United States v. Binford, 436 F.3d 1252, 1254 (10th Cir. 2006). "[A] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Second, the Court must determine the extent to

which a defendant can receive credit for time spent in custody prior to commencement of sentence. Binford, 436 F.3d at 1255. Defendant should receive credit "for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." 18 U.S.C. § 3586; United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [enacting § 3586(b)] that a defendant could not receive double credit for his detention time").

The Court concludes that the BOP properly denied defendant credit for time served from July 5, 2007, to February 16, 2008. When defendant was transferred to federal custody on July 5, 2007, he was still serving his state term. Opp'n Ex. 4 at 2; Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998) ("When a state arrests a defendant first, the state retains primary jurisdiction over the prisoner. Federal custody commences only when the state authorizes relinquishment of their custody"). Defendant is not entitled to receive credit for time served from July 5, 2007 to February 16, 2008, because that time was credited towards his state term from which he was paroled on February 16, 2008. Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991); Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978), cert. denied, 441 U.S. 934 (1979) ("when an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that 'borrowed' status, transforming a state prisoner into a federal prisoner"). Therefore, the Court concludes that defendant cannot receive federal sentence credit for time served prior to February 16, 2008, because that time was credited towards his state sentence.

### III. CONCLUSION

In accordance with the foregoing, defendant's petition is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2008

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE